WARREN RUSS, Appellant, v. E. K. TOWNSEND, ALICE JACK and JOHN JACK, Appellees.

**Boundaries:** APPORTIONMENT OF COSTS. In an action to locate and establish disputed corners and lines in which the plaintiff declares in his petition for no particular line, and the line established is between that contended for by the parties in their evidence, the court's discretion in making 'an equal distribution of the costs of the action will not be disturbed.

*Appeal from Lee District Court.*—HON. W. S. WITHROW, Judge.

WEDNESDAY, FEBRUARY 8, 1911.

SPECIAL proceeding to establish lost boundaries under the provisions of sections 4228-4238 of the Code. Commissioners were appointed by the court, and their report was approved, and the costs were taxed one-half to each party. Plaintiff appeals. *Affirmed.*

*T. B. Snyder,* for appellant.

*R. N. Johnson,* for appellees.

Evans, J.—The plaintiff is the owner of the W. ½ of the N. E. ¼ of a section, and the defendants are the owners of the E. ½ of the N. W. ¼ of the same section. The boundary line between these two subdivisions was in dispute. The plaintiff instituted this proceeding under the sections above indicated. The following plat will aid to an understanding of the discussion:

The plaintiff's principal controversy is with the defendant Townsend, and for convenience of discussion we will refer to him as if he were sole defendant. In his petition the plaintiff averred, generally, that the corners were lost and in dispute. He did not declare therein for any particular line. The defendant answered the pleading by averring that the partition line had been established by long years of acquiescence in the maintenance of a fence thereon, and he claimed the benefit of such line which is noted upon the plat as "Present Fence Line." Upon the filing of the report of the commissioners both parties filed exceptions. When the case came on for trial before the district court, however, both parties agreed that the only question to be tried was the question of taxation of costs. The practical effect of such agreement was to waive the exceptions, although there was no waiver in terms. The trial court in its order of approval made a slight modification of the commissioners' report which in effect sustained the plaintiff's exception, and to which no objection or exception seems to have been made by the defendant. Some testimony was taken as tending to throw light upon the question of taxation of costs. The trial court ordered each party to pay one-half the costs.

The plaintiff complains of such order, and urges the claim that he won the case, and was, therefore, entitled to recover his costs under the provisions of section 3853 of the Code. The question, however, is controlled by section 4238. This provides that the "costs in the proceeding shall be taxed as the court shall think just." Prior to the Code of 1897, it was provided that the costs in such proceeding should be "apportioned" according to the respective interest of the parties. It is urged by appellant that the trial court followed the former statute instead of the present one. It is manifest that the change in the statute was intended to give some flexibility to the rule for taxing costs in such proceedings, and to enlarge the discretion of the court.

The only question which we can consider now is whether the order made by the trial court was an abuse of such discretion. There is some room for the contention on the part of the appellant that the appellee was more blameworthy for the controversy than was appellant, but the evidence upon that question of fact is by no means conclusive. The argument that appellant won his case is not available to him. The petitioner in such a proceeding is bound to win his case. He is not required to tender any issue upon which he can lose. Therefore, in exercising its discretion in the taxation of costs, the trial court ought not to be concluded by the mere allegations of the pleadings. So far as the evidence is concerned, the court was justified in finding that the defendant was contending for the "Present Fence Line," and that the plaintiff was contending for the "Robertson-Williams Line." Neither contention was just. The true line was found and established between these lines. It affirmatively appears, therefore, that some apportionment of the costs could fairly be made. There is nothing in this record which enables us to determine that the basis of apportionment by the trial court is in any sense unjust. The principal costs appear to have been made before the commissioners. Such proceedings are not included in the abstract. The burden is upon the appellant to show an abuse of discretion by the trial court. The record presented here is quite fragmentary, but we are affirmatively impressed from it that the trial court acted clearly within the range of its statutory discretion. Its order is therefore *affirmed*.